FILED

04 MAY 21 AM 7:23

COURT
OF FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CASE NO: 8:04-cv-754-T-27MSS

WENDY WONSLEY, NATHAN
WONSLEY, her husband and WENDY
WONSLEY as Natural Guardian of
WHITNEY WONSLEY, a minor and
NATHANIEL WONSLEY IV, a minor,

    Plaintiffs,

v.

BRIDGESTONE/FIRESTONE INC, a
foreign corporation f/k/a THE
FIRESTONE TIRE AND RUBBER
COMPANY; and FORD MOTOR
COMPANY, a foreign corporation,

    Defendants.

_____/

## FIRESTONE'S UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING TRANSFER OF CASE TO THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION AND INCORPORATED MEMORANDUM OF LAW

Defendant, Bridgestone/Firestone North American Tire, LLC successor to Bridgestone/Firestone, Inc. ("Firestone"), by and through its undersigned counsel hereby moves this Court for the entry of an order staying all proceedings in this case until the Judicial Panel on Multidistrict Litigation (the "MDL Panel") transfers this case to the *In re Bridgestone/Firestone, Inc. ATX, ATX II and Wilderness Tire Products Liability Litigation*, MDL No.



1373 ("MDL 1373") currently pending in the United States District Court for the Southern District of Indiana. On April 27, 2004, Ford Motor Company ("Ford") noticed this case to the MDL Panel as a "tag-along" to the MDL 1373 proceeding (attached as Exhibit "A"). The Complaint in this case was served on Firestone on March 23, 2004, and the case was removed to the United States District Court in and for the Middle District of Florida on April 8, 2004. This case will almost certainly be transferred to MDL 1373 because it is virtually identical to a number of other cases already transferred.

As explained more fully below in the incorporated memorandum of law, this Court has the inherent power to stay proceedings, where, as here, a stay would conserve judicial resources, reduce the burden on the parties, prevent duplicative litigation, and avoid the potential for inconsistent rulings. Indeed, in the circumstances presented here, it is common practice to issue stay orders pending the MDL Panel's resolution of a motion to transfer and coordinate cases.

Pursuant to Rule 3.01(g), Middle District, Local Rules, the undersigned counsel contacted Plaintiffs' counsel and co-Defendant's counsel regarding the above motion. Neither Plaintiffs' counsel nor co-Defendant's counsel have any objections to motion and to the requested stay pending transfer of the case to the MDL.

## I. Introduction

On August 9, 2000, Firestone announced the voluntary recall of 6.5 million ATX, ATX II, and Wilderness AT tires, some of which were used as original equipment on vehicles manufactured by Ford. Since that time, Firestone has been named as a defendant in hundreds of individual actions and over ninety putative class actions. On October 24, 2000, the MDL Panel transferred 62 of these cases, including personal injury and class action lawsuits, to the Southern District of Indiana for coordinated pretrial proceedings. MDL Order dated October 24, 2000 (hereinafter, "MDL Order"), at 2 (attached as Exhibit "B"). Since then, the MDL Panel has conditionally transferred almost three hundred more cases to the Southern District of Indiana. This case will almost certainly be included in a Conditional Transfer Order once it has been identified to the MDL Panel because it involves common questions of fact with the other previously transferred actions, including whether Firestone tires are defective, whether Firestone had knowledge of the alleged defects, and whether the August 2000 tire recall as subsequently modified adequately addresses the alleged problems with the defective tires. *See* Conditional Transfer Orders 1 - 15, (attached as composite Exhibit "C").

As the MDL Panel noted, the actions currently in the MDL 1373 proceeding all "involve allegations that Firestone and, in most instances,

Ford are responsible for harm or risk of harm caused by defective tires, ranging in various degrees from economic or property damage to personal injuries or wrongful death." MDL Order at 3. The MDL Panel found that all of the cases that have already been transferred to be part of the MDL 1373 proceeding will involve discovery as to whether Firestone's tires are defective. *See id.* The MDL Panel held that the presence of these common questions in the cases included within the MDL 1373 proceeding made "[c]entralization under Section 1407... necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly with respect to overlapping class certification requests) and conserve the resources of the parties, their counsel and the judiciary." *Id.* The same is clearly true of this case, which is nearly identical to a number of the personal injury cases already included in the MDL 1373 proceeding.

## II. Memorandum of Law

### a. Florida And Other Courts Have Routinely Issued Stays of Proceedings Where, As Here, Transfer To The MDL Is Pending

While the MDL Panel is determining whether to transfer this case, this Court should follow the lead of numerous other courts that have already granted stays in cases pending a decision regarding whether they would be included within MDL 1373. E.g. *Profitt v. Bridgestone/Firestone, Inc.*, No. 01-cv-1144 (M.D. Fla. Aug. 28, 2001) (granting stay motion); *McEleavy v.*

*Bridgestone/Firestone, Inc.*, No. 8:01-cv-3-T-26MSS (M.D. Fla. Feb. 9, 2001) (same); *see also Correa-Rodriguez v. Bridgestone/Firestone, Inc.*, No. 00-3805-CIV-GRAHAM (S.D. Fla. Oct. 19, 2000) (issuing *sua sponte* stay pending transfer of case to MDL) (attached as Exhibit "D"); *Paniz v. Bridgestone/Firestone, Inc.*, No. 00-3825-CIV-GRAHAM (S.D. Fla. Oct. 19, 2000) (attached as Exhibit "E") (same); *Bean v. Bridgestone/Firestone, Inc.*, No. 01-2970-CIV-GOLD (S.D. Fla. July. 23, 2001) (granting stay motion) (attached as Exhibit "F"); *R. Jagasia v. Bridgestone/Firestone, Inc.*, No. 00-4676-CIV-ROMERO (S.D. Fla. Jan. 10, 2001).

Additionally, another court, in granting an identical stay motion in a Firestone tire related class action, held that the MDL Panel should be given a "reasonable opportunity" to review the pending transfer motions. *Siewert-Sitzmore v. Bridgestone/Firestone, Inc.*, C.A. No. 00-1289 (C.D. Ill. Sept. 14, 2000) (attached as Exhibit "G"). The court also recognized that Firestone, the only defendant in that case, "faces a number of compelling hardships and inequity if this action is not stayed." *Id.* at 4.

### b. This Court Should Exercise Its Inherent Power To Stay Proceedings To Further Judicial Economy, Reduce The Burden On The Parties And Eliminate The Potential For Conflicting Pretrial Rulings

The Court's power to stay is well established. It is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also* 7B C. Wright, A. Miller & M. Kane, Federal Practice And Procedure §1792, at 293 (2d ed. 1986) (stating, "when similar actions, either class or individual, are proceeding before several courts, one or more of the tribunals may stay the proceeding before it pending the outcome of the other action."); Manual for Complex Litigation § 31.14 (3d ed. 1995) (stating, "in appropriate cases, a judge may order an action stayed pending resolution of a related case in a federal court").

A stay is particularly appropriate when litigants have initiated the MDL process. Cases asserting redundant claims may be transferred by the MDL Panel to a single district for coordinated pretrial proceedings. 28 U.S.C. § 1407(a). Coordination furthers judicial economy and eliminates the potential for conflicting pretrial rulings. E.*g. In re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51-52 (2d Cir. 1978); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998); *In re Air Crash Disaster off Long Island, N.Y.*, 965 F. Supp. 5, 7 (S.D.N.Y. 1997). The MDL Panel has

specifically found this to be the case with respect to the cases included within MDL 1373. *See* MDL Order at 3. These benefits would be lost if separate cases, such as this one, proceed pending transfer by the MDL Panel to a single judge. Allowing them to proceed risks saddling that judge with inconsistent rulings. Indeed, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997).

Where a motion to transfer has been filed with the MDL Panel, district courts generally review three factors to decide whether to stay pending proceedings until the Panel can rule. These factors are: (1) hardship to the moving party if a stay is not granted; (2) potential prejudice to the non-moving party; and (3) the judicial resources that can be saved by avoiding duplicative litigation if the cases are consolidated. *E.g., Rivers*, 980 F. Supp. at 1360. Even where a non-moving party claims that a stay will cause delay and prejudice, which is not the case here, "there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay." *Arthur Magna*, 1991 WL 13725, at *1.

Without question, a stay is warranted here. Allowing the coordination of this case with the pending MDL proceeding will enable Firestone to respond to discovery on common issues in a comprehensive fashion without having to duplicate efforts. "[I]f separate discovery were to go forward, much work would be duplicated." *Id*. Similarly, coordinated proceedings would avoid the need for duplicative briefing on any discovery disputes that may arise. As the court in *Siewert-Sitzmore* concluded, "Firestone faces a number of compelling hardships and inequities" if an action, such as this one, is not stayed. *Id*. at. 4.

In contrast, a stay will not prejudice Plaintiff. Plaintiff stands only to benefit by the streamlined MDL procedure in which the litigation will proceed expeditiously, while making the discovery process more efficient. In fact, the MDL proceeding is well under way. In addition, the MDL Panel has appointed a Special Master to assist in the management of the MDL proceeding, including assisting in discovery matters. Moreover, a document depository program has been created in the MDL proceeding (by Firestone) that will give the Plaintiff in this case access to all of the documents that she is likely to want or need. This fact belies any notion that Firestone is seeking a stay in this case for purposes of delay.

Any delay in the preliminary proceedings in this case would be both brief and offset by the benefits of coordinated discovery and motion practice

after this case joins the nearly identical lawsuits that were transferred to a single court. E.g. *Rivers*, 980 F. Supp. at 1362.

Staying the action would also benefit the judicial system and the Court. If, as is likely, this case is ultimately transferred to the MDL Panel, then "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Rivers*, 980 F. Supp. at 1360-61. Additionally, "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation." *Id.* at 1360. Finally, the Court may issue rulings that conflict with those issued by the many other courts confronted with similar issues arising from this litigation. *See American Seafood*, 1992 WL 102762, at *2 (granting stay, in part, to avoid potential for conflicting rulings). Granting a stay would avoid that waste of judicial resources and risk of inconsistent rulings.

WHEREFORE, Firestone respectfully requests that this Court stay all proceedings until the MDL Panel determines whether to transfer this case to the Southern District of Indiana as a "tag-along action" to the MDL 1373 Proceeding.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 18th day of May, 2004, to the parties identified in the attached service list.

*Attorneys for Defendant
Bridgestone/Firestone North
American Tire, LLC*
701 Brickell Avenue, Suite 3000
Miami, FL 33131-3209
Tel.: 305-374-8500
Fax: 305-789-7799

By: _____
Lee P. Teichner
Florida Bar No.: 816280

# 1935657_v1

Wonsley vs. Bridgestone/Firestone & Ford Motor Company
USDC, Middle District of Florida, Tampa Division
Case No. 8:04-cv-754-T-27MSS

## Service List

Sekou M. Gary, Esq.
GARY, WILLIAMS, PARENTI, FINNEY,
LEWIS, MCMANUS, WATSON & SPERANDO, P.L.
221 East Osceola Street
Stuart, Florida 34994
Telephone: (772) 283-8260
Facsimile: (772) 220-3343

*Counsel for Plaintiffs*

Francis M. McDonald, Jr., Esq.
Sarah Long, Esq.
CARLTON, FIELDS
CNL Center at City Commons
450 S. Orange Avenue, Suite 500
Orlando, Florida 32801-3336
Telephone (407) 849-0300
Facsimile (407) 648-9099

*Counsel for Ford Motor Company*


# 1857773_v1

# DOCUMENT, ATTACHMENTS, OR EXHIBITS NOT SCANNED

FOR THE FOLLOWING REASON(S):

- ~~**PHYSICAL SIZE OF PAPER** (LARGER OR SMALLER THAN 8 ½ X 11)~~
- **X EXCEEDS PAGE LIMIT**
- ~~**DOUBLE-SIDED PAGES**~~
- **BINDING CANNOT BE REMOVED WITHOUT DAMAGING DOCUMENT**
- **CASE LAW**
- **X SOCIAL SECURITY RECORD/ANSWER**
- **DEPOSITION/TRANSCRIPT**
- **NON-REMOVABLE EXHIBIT TABS**
- **COLORED PAPER OR COPIED PHOTOGRAPHS**
- **SEALED**
- **OTHER** _____

# PLEASE REFER TO COURT FILE FOR COMPLETE DOCUMENT